**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVATRANS GROUP S.A., | |
| Plaintiff, | |
| v. | C. A. No. 18-1012-VAC-SRF |
| VITAL FARMS, INC., OVABRITE, INC. and OVABRITE, LLC., | |
| Defendants. | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF RULE 12(b)(3) MOTION TO DISMISS OR STAY, OR IN THE ALTERNATIVE, 28 U.S.C. § 1404(a) MOTION FOR TRANSFER TO THE WESTERN DISTRICT OF TEXAS**

DATED: July 31, 2018

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
apoff@ycst.com
rvrana@ycst.com
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6642

Kim E. Richman
RICHMAN LAW GROUP
krichman@richmanlawgroup.com
81 Prospect St.
Brooklyn, NY 11201
(212) 687-8291

*Attorneys for Defendants*

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDINGS ..................................................... 1

III. SUMMARY OF ARGUMENT ..................................................................................... 2

IV.  BACKGROUND ................................................................................................................ 2

V.   ARGUMENT ....................................................................................................................... 3

    A.   RULE 12(b)(3) DISMISSAL UNDER RULE 12(b)(3), OR STAY,
        PURSUANT TO THE FIRST-FILED RULE. .................................................. 3

        1.   A First-Filed Action Takes Precedence. .............................................. 3

        2.   This Action Should Be Dismissed in Favor of the Action Filed First in Texas. ...... 4

    B.   28 U.S.C. 1404(a) TRANSFER. ................................................................................ 6

        1.   Private Interests Support Transfer to the Western District of Texas. ..................... 7

        2.   Public Interests Support Transfer to the Western District of Texas. ..................... 11

VI.  CONCLUSION ................................................................................................................. 14

i

# TABLE OF AUTHORITIES

## Cases

*Advanta Corp. v. Visa U.S.A., Inc.*,
   U.S. Dist. LEXIS 2007 (E.D. Pa. Feb. 19, 1997)...................................................................4

*Affymetric, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ......................................................................................13

*Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*,
   2008 U.S. Dist. LEXIS 90720 (D.N.J. Nov. 7, 2008)...........................................................5

*Best Western Int'l, Inc. v. Patel*,
   2008 U.S. Dist. LEXIS 19797 (D. Ariz. Mar. 3, 2008) .........................................................5

*Cf. West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985)..................................................................................................4

*Chavez v. Dole Food Co.*,
   836 F.3d 205 (3d Cir. 2016) ...................................................................................................3

*Collegenet, Inc. v. Applyyourself, Inc.*,
   2002 U.S. Dist. LEXIS 28063 (D. Ore. July 26, 2002)..........................................................5

*Corixa Corp. v. IDEC Pharm Corp.*,
   2002 U.S. Dist. LEXIS 2980 (D. Del. Feb. 25, 2002) ........................................................3, 4

*Corporate Emp't Res., Inc. v. Boone*,
   2011 U.S. Dist. LEXIS 127688 (D. Del. Nov. 4, 2011) .........................................................6

*Cosmopolitan Shipping Co. v. Continental Ins. Co.*,
   2018 U.S. Dist. LEXIS 57566 (D.N.J. Apr. 3, 2018)...........................................................12

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ...................................................................................................4

*Dippold-Harmon Enters v. Lowe's Cos.*,
   2001 U.S. Dist. LEXIS 18547 (D. Del. Nov. 13, 2001).................................................10, 14

*Genentech, Inc., v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ................................................................................................3

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) .........................................................................................8, 13

*Intellectual Ventures I LLC V. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012) ...................................................................................7, 11

*j2 Global, Inc. v. Integrated Global Concepts, Inc.*,
   2013 U.S. Dist. LEXIS 90948 (C.D. Cal. June 27, 2013)......................................................4

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................................ passim

*McJunkin Corp. v. Cardinal Sys., Inc.*,
   190 F. Supp. 2d 874 (S.D.W.Va. 2002) ................................................................. 5

*Mitek Sys. v. United Servs. Auto. Ass'n*,
   2012 U.S. Dist. LEXIS 123716 (D. Del. Aug. 20, 2012)............................ 4, 8, 10, 11

*OCB Rest. Co. v. Vlahakis (In re Buffets Holdings, Inc.)*,
   397 B.R. 725 (Bankr. D. Del. 2008) ..................................................................... 14

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982).................................................................................... 5

*Ross v. Institutional Longevity Assets LLC*,
   2013 U.S. Dist. LEXIS 134730 (D. Del. Sept. 20, 2013) ........................................ 9

*Schering v. Amgen Inc.*,
   969 F. Supp. 258 (D. Del. 1997) .............................................................................. 4

*SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*,
   2018 U.S. Dist. LEXIS 115964 (E.D. Pa. July 11, 2018) ....................................... 12

*Smith v. McIver*,
   22 U.S. 532 (1824) ................................................................................................. 3

*Sonion Nederland BV v. Asius Techs. LLC*,
   2011 U.S. Dist. LEXIS 133221 (D. Del. Nov. 18, 2011)...................................... 9, 10

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) ........................................................................................... 8

*Vygon v. RyMed Techs., Inc.*,
   2009 U.S. Dist. LEXIS 31288 (D. Del. Mar. 31, 2009) ........................................... 4

## **Statutes**

28 U.S.C. § 1391(b)(1) ................................................................................................ 6

28 U.S.C. § 1391(b)(2) ................................................................................................ 7

28 U.S.C. § 1404 ......................................................................................................... 1

28 U.S.C. § 1404(a) .................................................................................................... 6

## I.      INTRODUCTION

Defendants Vital Farms, Inc., Ovabrite, Inc., and Ovabrite, LLC (collectively, "Defendants")[1] move to dismiss or stay this action pursuant to the first-filed rule, or in the alternative, to transfer this action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404. More than a month before this case was filed, Defendant (here) Ovabrite, Inc. filed an action on the same facts and contract, against Plaintiff (here) Novatrans Group S.A. ("Plaintiff" or "Novatrans"), in the Western District of Texas.

## II.     NATURE AND STAGE OF PROCEEDINGS

On June 1, 2018, Defendant Ovabrite, Inc. filed an action in the Western District of Texas against Novatrans. (*Ovabrite, Inc. v. Novatrans Group S.A.*, No. 18-0469 (W.D. Tex.) ("Texas Compl."), attached as Ex. A to Declaration of Matthew O'Hayer ("O'Hayer Decl.," filed herewith).) In its complaint, Ovabrite, Inc. alleges claims for (1) trade secret misappropriation, (2) unfair business practices and misappropriation of business and/or trade value, (3) unfair competition (misappropriation), (4) tortious interference with business/contractual relations, (5) conversion, (6) breach of contract, and (7) fraud. (*See id.*) Ovabrite, Inc. alleges that these claims arise out of the MJDPDA between Ovabrite, Inc. and Novatrans. (*See id.*, ¶¶ 5-6.)

Novatrans filed this case more than one month later, on July 9, 2018, based on substantially similar facts and legal allegations. Novatrans alleges claims for (1) breach of contract, (2) conversion, (3) declaratory judgment, and (4) unjust enrichment. Novatrans alleges that these claims arise out of the same MJDPDA (7/9/18 Complaint ("Compl.," Dkt. # 1) ¶ 11), as well as out of the parties' nondisclosure agreement that preceded the MJDPDA (*id.* ¶ 10; *see*

---

[1] In filing this Motion, Defendants Vital Farms, Inc. and Ovabrite, LLC do not admit that they are properly named in this lawsuit. Vital Farms, Inc. and Ovabrite, LLC appear for the limited purpose of dismissing this action based on improper venue, or moving the action to the proper venue, and reserve all rights to seek dismissal as being improperly named.

*also* O'Hayer Decl. ¶ 4).

### III.     SUMMARY OF ARGUMENT

Defendants are moving to dismiss under Fed. R. Civ. P. 12(b)(3) or to stay this action pursuant to the first-filed rule, or in the alternative, moving to transfer under 28 U.S.C. § 1404. It is well-settled in the Third Circuit that the first-filed action takes precedence over subsequent related filings, and thus, the Delaware action should be dismissed in favor of the first-filed action in Texas, or stayed until the claims in that action are decided. Alternatively, the Court should transfer this action to Texas because private and public interests weigh in favor of litigation in Texas. Such public and private interests include that a related action is pending in Texas; the claims in the present action arose out of conduct in Texas and Israel; Texas is a more convenient location for witnesses; practical considerations demonstrate that Texas is the more convenient forum; Texas has a strong interest in litigating local controversies; public policies of the fora dictate that Texas is the appropriate venue; and the Texas court is more familiar with adjudicating claims arising out of Texas law, as the contract at issue here is governed by Texas law.

### IV.     BACKGROUND

Plaintiff Novatrans is a Swiss-based corporation that does business in Israel aimed at developing terahertz (THz) technology, including a THz spectroscopy system. (Compl., ¶¶ 1, 8; Texas Compl. ¶¶ 2, 4.) Defendant Vital Farms, Inc. ("VFI") is an Austin, Texas-based agricultural company involved in the production and distribution of pasture-raised chicken eggs. (Compl. ¶¶ 2, 9.) Defendant Ovabrite, Inc., incorporated in Delaware and operating in Texas, aims to develop and market, *inter alia*, technology for rapid detection of avian egg fertility and gender. (Compl. ¶ 10; Texas Compl. ¶¶ 8-10; O'Hayer Decl. ¶ 7.)

On March 7, 2016, Novatrans and VFI entered a Master Joint Development and Product

Distribution Agreement ("MJDPDA") to contemplate sharing information, including alleged

trade secrets, and collaborating to develop and market technology for detection of avian egg

fertility and gender. (Compl. ¶ 12; Texas Compl. ¶¶ 5, 9-10.) Effective December 23, 2016, with

Novatrans's approval, VFI transferred all rights and obligations in and under the MJDPDA to its

affiliate, Ovabrite, Inc. (Texas Compl. ¶ 5; O'Hayer Decl. ¶ 6.) As time passed, both Novatrans

and Ovabrite, Inc., by allegation, grew dissatisfied with the other's performance pursuant to the

MJDPDA.

V.    ARGUMENT

A.    RULE 12(b)(3) DISMISSAL UNDER RULE 12(b)(3), OR STAY,
PURSUANT TO THE FIRST-FILED RULE.

Where there is federal concurrent jurisdiction over a matter, "the court which first has

possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532 (1824). Here, the

Western District of Texas has first possession of the subject matter, and this action should be

dismissed or stayed in favor of the action pending there. *See Chavez v. Dole Food Co.*, 836 F.3d

205, 210 (3d Cir. 2016) (en banc) ("If a second-filed court decides to invoke the [first-filed] rule,

it also has the discretion to decide whether to stay, transfer, or dismiss the case before it.").

1.    A First-Filed Action Takes Precedence.

If two lawsuits involving the same claims are filed in different jurisdictions, the first-filed

action is given preference, *see Chavez*, 836 F.3d at 210 ("[W]hen duplicative lawsuits are filed

successively in two different federal courts, the court where the action was filed first has

priority."); *see also Corixa Corp. v. IDEC Pharm Corp.*, No. 01-615, 2002 U.S. Dist. LEXIS

2980 at *1 (D. Del. Feb. 25, 2002) (citing *Genentech, Inc., v. Eli Lilly & Co.*, 998 F.2d 931, 937

(Fed. Cir. 1993) (abrogated in part on other grounds)), and dismissal of the second-filed action

under Federal Rule of Civil Procedure 12(b)(3)—improper venue—is warranted, *see, e.g., j2*

3

*Global, Inc. v. Integrated Global Concepts*, *Inc.*, No. CV-1203439, 2013 U.S. Dist. LEXIS 90948, at *2 (C.D. Cal. June 27, 2013) (granting Rule 12(b)(3) motion to dismiss based on improper venue pursuant to first-to-file rule). This first-to-file rule reduces multiple conflicting decisions that may require separate appeals, and ensures that litigants receive a single determination of their controversy. *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941); *Corixa*, 2002 U.S. Dist. LEXIS 2980 at *1; *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 U.S. Dist. LEXIS 2007 at *2 (E.D. Pa. Feb. 19, 1997); *see also, e.g.*, *Vygon v. RyMed Techs., Inc.*, C.A. No. 08-172, 2009 U.S. Dist. LEXIS 31288, at *6 (D. Del. Mar. 31, 2009) (recognizing purpose of first-filed rule to promote federal comity and judicial efficiency by eliminating need for courts to "duplicate each other's work in cases involving the same issues").[2]

The Third Circuit applies the first-to-file rule to litigation that involves the same subject matter, even if the same parties are not involved in each suit. *See Advanta*, 1997 U.S. Dist. LEXIS 2007 at *2; *Schering v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997) (quoting *Advanta* for proposition that venue is set according to "which court first obtains possession of the subject of the dispute, not the parties of the dispute"). The first-filed rule also applies regardless of whether the initial case is a declaratory-judgment action, and regardless of how closely in time the two actions are filed. *See Mitek Sys. v. United Servs. Auto. Ass'n*, No. CV-12-0462, 2012 U.S. Dist. LEXIS 123716, at **10-11 (D. Del. Aug. 20, 2012).

      **2.**      **This Action Should Be Dismissed in Favor of the Action Filed First in Texas.**

There is no question that the first-filed action is pending in the Western District of Texas, Austin Division. Ovabrite, Inc. filed its action against Novatrans in Austin on June 1, 2018.

---

[2] *Cf. West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) (noting that comity requires federal courts to avoid interfering with each other's affairs).

4

(Texas Compl.)[3] Novatrans filed this case in Delaware on July 9, 2018. (Compl.) Each case arises out of the same operative facts, *i.e.*, performance and obligations under the MJDPDA, and the same agreement, *i.e.*, the MJDPDA and (in Novatrans's filing) its predecessor nondisclosure agreement. Novatrans and Ovabrite, Inc. are parties to each case, and each case involves the same witnesses and the same development of technology. Ovabrite, Inc. alleges misappropriation of trade secrets, breach of contract, conversion, and fraud, arising out of alleged breach of the MJDPDA. Novatrans alleges misappropriation of trade secrets, breach of contract, conversion, and unjust enrichment, arising out of alleged breach of the MJDPDA, and seeks declaratory judgment aimed at the pending proceedings in Texas. Indeed, Novatrans asserts that Ovabrite, Inc.'s ***very act of filing its complaint in Texas*** violated the parties' agreements. (Compl. ¶¶ 48-52.)

---

[3] Although Hague Convention service of the Texas action on Novatrans, a business incorporated in Switzerland and operating in Israel, has not been completed, Novatrans has been aware of the Texas action since June 5, 2018 at the latest. Service under the Hague Convention is not the operative fact for the first-to-file rule:

> Defendants suggest that because they were not served with the complaint in this case before they filed the SDNY action, it is improper to apply the first-to-file rule. We disagree. Service is not required in order for the first-to-file rule to take effect. The filing of the Complaint, and not service, is the operative trigger for the first-to-file rule. Hence, it is not called the "first-to-file-and-serve" rule. . . . Although it might arguably be inequitable to rigidly apply the first-to-file rule in a situation where the party filing the second-in-time action was not served and had no notice that a duplicative action was filed (or was about to be filed), such is not the case here.

*Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, No. 08-cv-668, 2008 U.S. Dist. LEXIS 90720, at **8-10 (D.N.J. Nov. 7, 2008) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982); *Best Western Int'l, Inc. v. Patel*, No. CIV-07-00807, 2008 U.S. Dist. LEXIS 19797, at *4 (D. Ariz. Mar. 3, 2008); *McJunkin Corp. v. Cardinal Sys., Inc.*, 190 F. Supp. 2d 874, 876 (S.D.W.Va. 2002); *Collegenet, Inc. v. Applyyourself, Inc.*, No. CV-02-484, 2002 U.S. Dist. LEXIS 28063, at *3 (D. Ore. July 26, 2002)). Nor is such the case here. Novatrans admittedly knew of the Texas action well before it filed in Delaware, as the Texas action is in fact referenced in Novatrans's Complaint. (Compl. ¶¶ 48-52.) Ovabrite, Inc. requested that Novatrans accept service of the Texas complaint without resort to the Hague Convention. Thus far, Novatrans has not agreed to accept service. Such tactics cannot be used to subvert the first-filed rule.

Novatrans may file its claims as counterclaims to the first-filed Texas action. There is no need for the parties to litigate the same facts and agreements—the MJDPDA arises under Texas law and sets Austin, Texas as the nonexclusive venue—in both Texas and Delaware. This action should be dismissed in favor of *Ovabrite, Inc. v. Novatrans Group S.A.*, No. 18-0469, pending in the Western District of Texas, or stayed until the Texas proceedings conclude. The Court's analysis may end there.[4]

**B.    28 U.S.C. 1404(a) TRANSFER.**

In the event the Court elects not to dismiss or stay this action, then the action should be transferred to the Western District of Texas. *See Corporate Emp't Res., Inc. v. Boone*, No. 11-408, 2011 U.S. Dist. LEXIS 127688, at *8 (D. Del. Nov. 4, 2011) ("While this may ordinarily involve dismissal of the second-filed action, transfer, under 28 U.S.C. § 1404(a), may also be appropriate . . . ."). Novatrans's Complaint seeks venue in this district based upon 28 U.S.C. § 1391(b)(1), which states that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." (Compl. ¶ 7.) Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

---

[4] Unlike deciding whether to transfer the action, dismissal under the first-filed rule does not require analysis of the 28 U.S.C. § 1404(a) convenience factors; so long as the court of the first-filed action assumes jurisdiction, its venue is assumed to be proper. *See Bank of America v. S.I.P. Assets, LLC*, No. 07-159, 2007 U.S. Dist. LEXIS 67107, at *7 (D. Del. Sept. 11, 2007) ("With the institution of a separate action in this court, BANA essentially asks this court to substitute its judgment for that of the first-filed Florida court on the scope of the Florida court's jurisdiction. It would be presumptuous for this court to make such a determination . . . ."); *see also, e.g.*, *Microchip Tech. Inc. v. United Module Corp.*, Nos. CV-10-04241, CV-10-05196, CV-10-05290, CV-11-00430, 2011 U.S. Dist. LEXIS 61929, at *19 (N.D. Cal. July 7, 2011) (holding that "convenience arguments under 1404(a) should be addressed to the court in the first-filed action"); *Mechoshade Sys., Inc. v. Draper, Inc.*, No. CV-10-02470-, 2011 U.S. Dist. LEXIS 45565, at *10 (D. Ariz. Apr. 27, 2011) ("The Court therefore concludes that in a 'first-to-file' dispute, the second-filed court should defer any analysis of § 1404(a) or other transfer factors to the first-filed court."); *StemCells, Inc. v. Neuralstem, Inc.*, No. C-08-2364, 2008 U.S. Dist. LEXIS 75494, at *10 (N.D. Cal. July 1, 2008) ("[T]he court in the first-filed action should decide whether there is an exception to the first-to-file rule").

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ovabrite, Inc. is incorporated in Delaware but does business in Texas, which governs the contract at issue.[5] Therefore, pursuant to 28 U.S.C. § 1391(b)(2), the action might have been brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"—*i.e.*, the Western District of Texas, to which Defendants now seek transfer.

It is well-established in the Third Circuit that when considering a request for transfer of venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice to be better served by transfer to a different forum'." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). The party seeking transfer bears the burden "to establish that a balancing of proper interests weighs in favor of the transfer." *Intellectual Ventures I LLC V. Altera Corp.*, 842 F. Supp. 2d 744, 750 (D. Del. 2012) (internal quotes omitted) (quoting *Jumara*, 55 F.3d at 879).

Here, both private and public interests weigh in support of transfer to the Western District of Texas.

### 1.      Private Interests Support Transfer to the Western District of Texas.

"While there is no definitive formula or list of the factors to consider [. . .], courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879.

---

[5] The improperly named defendant VFI also does business in Texas. (O'Hayer Decl. ¶ 1.) Defendant Ovabrite LLC is an inactive corporate body, and it is unclear why the entity is named in Novatrans's filing.

7

The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted).

Notwithstanding the first-filed federal action in Texas, Novatrans, a Swiss corporation operating in Israel, chose to file its lawsuit, on the same facts, in this district. "While the plaintiff's selected forum is certainly a significant element in the transfer analysis, the Federal Circuit, applying Third Circuit law, has cautioned that it is not 'effectively dispositive'." *Mitek Sys.*, 2012 U.S. Dist. LEXIS 123716, at *17 (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (holding that "the district court placed far too much weight on the plaintiff's choice of forum")). Moreover, "[w]hen a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference." *In re Link_A_Media*, 662 F.3d at 1223 (cited by *Mitek Sys.*, 2012 U.S. Dist. LEXIS 123716, at *17). Each of the remaining private interests suggests that transfer is proper.

- ***The Defendants prefer to litigate in Texas, where Ovabrite, Inc. already has filed a lawsuit on the same facts.***

In *Mitek*, a patent infringement case,[6] the defendant filed an action first, in the Western District of Texas, where it maintained its principal place of business. The plaintiff then filed in this district, where the parties were incorporated, for patent infringement and breach of a licensing agreement. *See Mitek Sys.*, 2012 U.S. Dist. LEXIS 123716, at *17. The *Mitek* court gave consideration to the plaintiff's choice of forum but ultimately held that, because the

---

[6] Unlike this case, which rests upon purported theft of intellectual property and violation of non-disclosure agreements, *Mitek* was a patent infringement case, and therefore its conclusions may be affected by the U.S. Supreme Court's 2017 decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). *TC Heartland* would not change the analysis of Third Circuit law applicable to this case.

defendant had first filed a related suit in the Western District of Texas, and maintained its principal place of business in the Western District of Texas, transfer was warranted. *See id.* at *17-18. Although this is not a patent-infringement case, the remaining similarities to *Mitek* are hard to overlook. *See also, e.g.*, *Ross v. Institutional Longevity Assets LLC*, No. CV-12-0102, 2013 U.S. Dist. LEXIS 134730, at **32-33 (D. Del. Sept. 20, 2013) (including defendant's previously filed related action in Northern District of Illinois among "legitimate bases for seeking to transfer"); *Sonion Nederland BV v. Asius Techs. LLC*, No. CV-11-0067, 2011 U.S. Dist. LEXIS 133221 at **16-17 (D. Del. Nov. 18, 2011) (granting motion to transfer to Northern District of Illinois on basis, *inter alia*, of previously filed action there, of defendant's witnesses and documents located there, and that plaintiff, headquartered in Netherlands, proffered "no meaningful reason as to why Delaware would be a more convenient forum than Illinois").

- ***The claims arose outside of this district.***

Novatrans and Ovabrite find themselves in disagreement over contracts regarding technology to be developed in Israel and Texas, and subsequently marketed globally. The MJDPDA specifies that it is to be governed by the law of Texas, and that the nonexclusive venue for resolving any dispute under the agreement shall be the courts in Texas. (Texas Compl. ¶¶ 5-6; O'Hayer Decl. ¶ 8; *see also* Compl. ¶¶ 11-12.) One claim asserted by Novatrans is that Ovabrite, Inc.'s very act of filing its complaint, in Texas, violated the parties' agreements. (Compl. ¶¶ 48-52.) The contract breaches alleged by Novatrans and Ovabrite, Inc. took place in Israel and in Austin, Texas. The sole connection to this district is Defendants' incorporation in Delaware. (Novatrans, incorporated in Switzerland, has no apparent link to this district.) Because the claims arose outside of this district, transfer is appropriate to the Western District of Texas, where the alleged conduct occurred. *See Mitek*, 2012 U.S. Dist. LEXIS

123716 at **18-19 (transferring action where—although product at issue was intended for global use—design, testing, and operation occurred elsewhere).

- ***Texas is a more convenient location for the litigation.***

The convenience of the parties, as indicated by their relative physical and financial condition, weighs in favor of transfer.

> In considering this particular factor, courts have looked to several elements, including: (1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal.

*Mitek*, 2012 U.S. Dist. LEXIS 123716 at *19. None of the parties to this litigation operates in Delaware. Defendants operate in Texas (O'Hayer Decl. ¶¶ 1, 7), and Plaintiff Novatrans's relevant operations are located in Israel (Compl. ¶¶ 1-4). Defendants' employees are located in Texas, so logistical and operational costs for them to travel to locations within the Western District of Texas are minimal. Novatrans's employees are located in Israel, making both Delaware and Texas roughly 15-20 hours' transit time. *See Mitek*, 2012 U.S. Dist. LEXIS 123716 at *19 (finding Texas more convenient when plaintiff was physically located in California and defendant was physically located in Texas); *Sonion Nederland BV*, 2011 U.S. Dist. LEXIS 133221 at *17 (finding Illinois more convenient when plaintiff was physically located in Netherlands and defendant was located in Illinois); *Dippold-Harmon Enters v. Lowe's Cos.*, No. CV-01-0532, 2001 U.S. Dist. LEXIS 18547 at **18-19 (D. Del. Nov. 13, 2001) (finding North Carolina more convenient because although plaintiff was physically located in Delaware, defendant was located in North Carolina and its first-filed action was pending in North Carolina). Based on Novatrans's allegations of contract breach and conversion, the most likely witnesses are employees and/or investors of the parties, including Matthew O'Hayer and Paul Knepper, both of whom reside in Texas, and Novatrans's personnel

10

in Israel. (*E.g.*, Compl. ¶¶ 26, 29, 32.)

For the foregoing reasons, the private interest factors, taken together, weigh

overwhelmingly in favor of a transfer to the Western District of Texas.

> ### 2.      Public Interests Support Transfer to the Western District of Texas.

Public interests also should be weighed when considering a motion to transfer. These

include

> the enforceability of the judgment; practical considerations that could make the trial
> easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora
> resulting from court congestion; the local interest in deciding local controversies at
> home; the public policies of the fora; and the familiarity of the trial judge with the
> applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted). As to the enforceability of the judgment,

"[n]either party has placed this factor in dispute, and there appears to be no reason why the

decision of either court would be denied full faith and credit. This factor is neutral." *Mitek*, 2012

U.S. Dist. LEXIS 123716 at *21. The remaining public interests, like the private interests, weigh

in favor of transfer.

> - *Practical considerations support transfer to Texas.*

"Courts have traditionally regarded the existence of related lawsuits in one of the fora

being examined as such a 'practical consideration'." *Mitek*, 2012 U.S. Dist. LEXIS 123716 at

*21 (citing *Intellectual Ventures I*, 842 F. Supp. 2d at 759) (favoring maintenance of action in

district where litigation involving similar parties is already filed). In *Mitek*, like here, the

pending action in the Western District of Texas shared subject matter and allegations with the

action in the District of Delaware, giving the court concern that "[a]llowing this case to

continue [in Delaware] would invite the risk of inconsistent judgments." *Id.* at *22. The *Mitek*

court therefore found that the practical considerations weighed slightly in favor of transfer—

***despite*** the fact that the Texas court had decided "to stay its proceedings, which reduces the

inconsistency dangers posed by simultaneous, parallel litigation." *Id.* No such stay or other considerations are in place here, and as such the practical considerations weigh strongly in favor or transfer.

- ***Administrative ease favors transfer to the Western District of Texas.***

This factor requires consideration of the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. Here in Delaware, this case has been assigned to a vacant judgeship, and will be transferred to a visiting judge. *See* Dkt. Entries Dated 7/11/18. While Defendants do not question the ability of this Court, under the supervision of a magistrate or visiting judge, to hear the dispute, the absence of a permanent judge suggests less administrative difficulty in Texas.

- ***Texas has a strong interest in deciding this controversy.***

The MJDPDA, upon with Novatrans's Complaint rests, specifies that it is to be governed by and interpreted according to the laws of Texas. (Texas Compl. ¶ 6 & O'Hayer Decl. ¶ 8.) Moreover, the MJDPDA sets nonexclusive venue for any dispute as the courts in Texas. (*Id.*) Ovabrite, Inc. has already brought suit on the MJDPDA in federal court in Austin, Texas. (Texas Compl.) Defendants, though incorporated in Delaware, operate in Texas. (Compl. ¶ 2.) These facts give Texas a strong interest in deciding the controversy. *See SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*, No. CV-17-3777, 2018 U.S. Dist. LEXIS 115964 at \*\*14-15 (E.D. Pa. July 11, 2018) (granting motion to transfer where although Pennsylvania had local interest in deciding local controversy at home due to case filed by Pennsylvania resident, "that interest is outweighed by New York's interest in protecting the rights of its citizens and regulating corporate conduct within its borders") (internal citation omitted)); *Cosmopolitan Shipping Co. v. Continental Ins. Co.*, No. CV-17-4933, 2018 U.S. Dist. LEXIS 57566 at \*16 (D.N.J. Apr. 3, 2018) (granting motion to transfer where

negotiation, drafting, and execution of insurance policy occurred in New York and thus Southern District of New York had "significant local interest in faithfully applying the law of the state in which it sits, in a controversy whose center of gravity is located in New York" (internal citations omitted)). Delaware's interest, by contrast, is limited to incorporation of Defendants (but not Plaintiff Novatrans) here. *See In re Link_A_Media Devices*, 662 F.3d at 1224 (favoring transfer where, aside from plaintiff's "incorporation in Delaware, that forum has no ties to the dispute or to either party"). *Cf. Intellectual Ventures I*, 842 F. Supp. 2d at 760 (finding interest factor "neutral" even where ***all*** parties were incorporated in Delaware, and no contract specified law of another jurisdiction, simply because parties resided in California).

- *Public policies of the fora suggest that Texas is the more convenient venue.*

"[W]hen ruling on their motions to transfer, the Court asks whether this particular forum is the most convenient place in which to try these two lawsuits, not whether the maintenance of these suits offends traditional notions of fair play and substantial justice." *Affymetric, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998). In *Affymetric*, the parties were incorporated in Delaware, but none was located in Delaware. The court noted that although the parties availed themselves of the jurisdiction by pursuing business in Delaware, it failed to see "how this activity bears on the question of whether trying these two cases in the District [of] Delaware would convenience the parties or the witnesses while serving the interests of justice." *Id.* at 208. Incorporation in Delaware, the court concluded, did not favor venue in Delaware when the parties conducted business, and the dispute arose, elsewhere. *See id.* In the instant case, the parties' contact with Delaware is limited to Defendants' incorporation here—Plaintiff Novatrans maintains no known contact with Delaware. No public

13

policy suggests that this action should remain here.

- ***Where the dispute arises under Texas law, a judge within the Western District of Texas is likely to be more familiar.***

Lastly, a court considers "the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879. As noted above, Novatrans's Complaint rests upon an agreement that specifies that it is to be governed by and interpreted according to the laws of Texas. (Texas Compl. ¶ 6; O'Hayer Decl. ¶ 8.) A court sitting in Texas may be presumed to have the most familiarity with the law of Texas. *See OCB Rest. Co. v. Vlahakis (In re Buffets Holdings, Inc.)*, 397 B.R. 725, 729 (Bankr. D. Del. 2008) (transferring action because Michigan district court was "intimately more familiar with the Michigan state law" regarding breach of contract disputes than Delaware bankruptcy court); *Dippold-Harmon Enters.*, 2001 U.S. Dist. LEXIS 18547 at *22 (holding that where contract was not formed in Delaware and thus not subject to Delaware law, this factor weighed in favor of transfer).

## VI.      CONCLUSION

Defendants respectfully request dismissal of this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or stay, pursuant to the first-filed rule. In the alternative, in consideration of the aforementioned private and public interests, and pursuant to 28 U.S.C. § 1404(a), Defendants request this Court to transfer *Novatrans Group S.A. v. Vital Farms, Inc., Ovabrite Inc., & Ovabrite, LLC*, No. CV-18-1012, to the Western District of Texas.

DATED: July 31, 2018

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert M. Vrana*

_____

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
apoff@ycst.com
rvrana@ycst.com
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6642

Kim E. Richman
RICHMAN LAW GROUP
krichman@richmanlawgroup.com
81 Prospect St.
Brooklyn, NY 11201
(212) 687-8291

*Attorneys for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Vrana, hereby certify that on July 31, 2018, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Patricia L. Enerio, Esquire
> Aaron M. Nelson, Esquire
> Heyman Enerio Gattuso & Hirzel LLP
> 300 Delaware Avenue, Suite 200
> Wilmington, DE 19801
> *penerio@hegh.law*
> *anelson@hegh.law*
>
> *Attorneys for Plaintiff*

I further certify that on July 31, 2018, I caused a copy of the foregoing document

to be served by e-mail on the above-listed counsel and on the following:

> Adam P. Samansky, Esquire
> Nicholas W. Armington, Esquire
> Mintz, Levin, Cohn, Ferris,
>  Glovsky and Popeo, P.C.
> One Financial Center
> Boston, MA 02111
> *apsamansky@mintz.com*
> *nwarmington@mintz.com*
>
> *Attorneys for Plaintiff*

Dated:  July 31, 2018

> Young Conaway Stargatt &
>  Taylor, LLP
>
> */s/  Robert M. Vrana*
> Adam W. Poff (No. 3990)
> Robert M. Vrana (No. (5666)
> Rodney Square
> 1000 N. King Street
> Wilmington, Delaware 19801
> *rvrana@ycst*.com
> *Attorneys for Defendants*