IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVATRANS GROUP S.A.,<br><br>Plaintiff,<br><br>v.<br><br>VITAL FARMS, INC., OVABRITE, INC., and OVABRITE, LLC,<br><br>Defendants. | C.A. No. 18-cv-1012-RGA |

ORDER

Presently before the Court is Defendants' Motion to Dismiss or Stay, or in the Alternative, Motion for Transfer to the Western District of Texas. (D.I. 7). I have reviewed the parties' briefing. (D.I. 8, 11, 14).

## I. BACKGROUND

On June 1, 2018, Ovabrite, Inc. filed an action against Plaintiff in federal district court in the Western District of Texas alleging: (1) misappropriation of trade secrets; (2) unfair business practices and misappropriation of business and/or trade value; (3) unfair competition (misappropriation); (4) tortious interference with business/contractual relations; (5) conversion; (6) breach of contract; and (7) fraud. (D.I. 9-1).

On July 9, 2018, Plaintiff filed this action against Defendants (including Ovabrite, Inc.) alleging: (1) misappropriation of trade secrets; (2) breach of contract; (3) conversion; (4) declaratory judgment; and (5) unjust enrichment. (D.I. 1).

The parties assert that, on March 7, 2016,[1] Plaintiff and Vital Farms, Inc. entered a Master Joint Development and Product Distribution Agreement ("the Master Agreement"). (D.I. 1 ¶ 11; D.I. 8 at 2–3). The Master Agreement relates to terahertz ("THz") spectrometry technology to be used with poultry eggs—for example, to determine the sex of an egg before hatching. (D.I. 1 ¶ 11; D.I. 9-1 ¶ 9). Both parties' claims arise from the Master Agreement.

## II. ANALYSIS

Defendants argue that this action should be dismissed or stayed pursuant to the "first-filed" rule. The first-filed rule is a "comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). Alternatively, Defendants argue that this action should be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiff argues that the first-filed rule does not apply because (1) the Texas court lacks personal jurisdiction, and (2) there is insufficient similarity between the Texas action and this action. (D.I. 11 at 2–3). Plaintiff further argues that Defendants failed to meet their burden on the request for transfer. (*Id.* at 3).

It seems clear to me that the Texas case and this case are related enough that they ought to proceed in one court. The first step toward determining which court that should be is to resolve the personal jurisdiction issue. This should be done by the Texas court. Plaintiff "essentially asks [me] to substitute [my] judgment for that of the [Texas court] on the scope of the [Texas court's] jurisdiction. It would be presumptuous for [me] to make such a determination." *Bank of Am. v. S.I.P. Assets, LLC*, 2007 WL 2698192, at *2–4 (D. Del. Sept. 11,

---

[1] In the Texas action, Ovabrite, Inc. asserted that the parties entered the agreement "on or about May 5, 2016" (D.I. 9-1 ¶ 5), while, here, Plaintiff asserted that the relevant date is March 7, 2016. (D.I. 1 ¶ 11). Defendants now appear to agree with Plaintiff. (D.I. 8 at 2–3).

2007) (rejecting the argument that the court should decline to dismiss, stay, or transfer the case to the first-filed court, because the first-filed court lacked necessary jurisdiction).

The Texas court's determination on personal jurisdiction may be dispositive—if the Texas court finds that it lacks jurisdiction, Defendants' transfer arguments will be moot. On the other hand, if the Texas court finds that it has jurisdiction, Defendants' transfer arguments will be stronger. Therefore, I decline to address the parties' substantive arguments relating to transfer until the Texas court resolves its jurisdiction question.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (D.I. 7) is GRANTED. The parties should submit a joint status report once the Texas court has ruled.[2]

IT IS SO ORDERED this 9 day of October 2018.

Richard G Andrews
United States District Judge

---

[2] The Texas case is delayed while Novatrans is served under the Hague Convention. The docket in the Texas case is uninformative as to when that service might happen.